UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Gary Frazier,

                       Plaintiff,

-against-

The County of Suffolk, Suffolk County
Police Department, Police Officer Ronald
Reiter, Badge Number 4822, Police Officer
Joseph Guido, Badge Number 4908, and
Police Officer "John" Calato, Badge Number
5198,

                       Defendants.
-----------------------------------------------------------X

03 CV 1077 (SLT) (JO)

MEMORANDUM
& ORDER

FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y
★ JUL 1 3 2005 ★
TIME A.M._____
P.M. _____

TOWNES, District Judge:

On March 2, 2005, the Law Firm of Tracie A. Sundack & Associates, L.L.C. (the "Firm"), counsel for plaintiff Gary Frazier ("Plaintiff"), filed a motion to be relieved as counsel. It also sought an order compelling Plaintiff to pay costs rendered in connection with its representation before it will release the file for this case. A week later, Plaintiff filed an affidavit in opposition to the Firm's motion. By order dated March 31, 2005, this Court referred the motion to Magistrate Judge James Orenstein for a report and recommendation.

On May 6, 2005 Judge Orenstein recommended that the Firm be relieved as counsel only after the case is certified ready for trial. (Report and Recommendation ("Report") at 1, Dkt. No. 41.) He first rejected the Firm's claim that Plaintiff has terminated the attorney-client relationship. (Report at 5.) He then found that the Firm's claim that Plaintiff's conduct has rendered its representation of him unreasonably difficult unsupported to the extent that this claim is based on their disagreement over settlement of the case, or on Plaintiff's "failure to 'accept the weakness of his case'" in light of, *inter alia*, the Firm's decision to file an amended complaint

seeking thirty million dollars in damages. (Report at 6-7.) Although Judge Orenstein then found that the breakdown in the relationship between Plaintiff and the firm did warrant withdrawal of the Firm prior to trial, "if not earlier," (citing *Cosgrove v. Federal Home Loan Bank of New York*, 1995 WL 622565, at *2 (S.D.N.Y. Oct. 12, 1995)), he found that the delays in discovery and the prejudice to Plaintiff due to his incarceration required the Firm to complete discovery before withdrawal. (Report at 7-8.) The Firm objects only to Judge Orenstein's factual findings with respect to this point.

Judge Orenstein also recommended that the Firm's request with respect to requiring Plaintiff to pay costs incurred in the prosecution of his case before it will release his case file be denied without prejudice to seek an appropriate charging lien as defined under New York law. (*See* Report at 10-11.) The Firm does not object to this recommendation.

*Standard of Review on a Report and Recommendation*

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. *See id.*

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). In addition, failure to file timely objections operates as a waiver of the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small*

*v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

*The Firm's Objections*

The Firm objects to the factual basis of Judge Orenstein's recommendation to permit the firm to withdraw only after the case is certified for trial. First, the Firm objects to Judge Orenstein's finding that prior delays in the discovery schedule were attributable, in part, to the Firm's disregard of the Court's discovery schedule. It states that it only made one request for delay to which the defendants consented, and the defendants have made one request. (Objections ¶ 6.) It further argues that these consensual delays were to facilitate settlement negotiations because Plaintiff represented that he "was willing to settle the action for a figure in the range being negotiated." *Id.* The Court is inclined to agree that the prejudice to Plaintiff or the defendants from these delays is negligible.

Yet, the Firm's second argument is stronger. The Firm states that Judge Orenstein made his recommendation to require the Firm to complete discovery before withdrawal because Plaintiff and the defendants would suffer great prejudice because Plaintiff is incarcerated. He stated: "While permitting the Firm to withdraw prior to the completion of discovery would prejudice [Plaintiff] and impose needless burdens on others, permitting the Firm to withdraw after the case is ready for trial will not." (Report at 9.) The firm correctly points out that this finding is erroneous. By letter dated May 6, 2004, Plaintiff informed the Court that he was to be released from Groveland Correctional Facility on May 12, 2004, his contact information, and that his attorney was the name partner in the Firm. (Dkt. No. 28.) Thus, Plaintiff should be able to retain other representation, who may be able to steer the parties to an amicable settlement or craft a successful trial strategy. Consequently, since Judge Orenstein premised his recommendation

3

that the Firm may only withdraw after discovery is complete on the fact that Plaintiff is incarcerated, his recommendation must be rejected. The Firm is therefore permitted to withdraw as counsel of record.[1]

**SO ORDERED.**

SANDRA L. TOWNES

UNITED STATES DISTRICT JUDGE

Brooklyn, New York

Dated: July 13 2005

---

[1] The Firm also argues that compelling it to continue discovery would "needlessly" increase[] [its] potential exposure to a claim of professional liability." (Objections ¶ 7.) Since this argument was not addressed in Judge Orenstein's Report and Recommendation, the Court will not address it. *See Jesselson v. Outlet Assoc. of Williamsburg, Ltd. Partnership*, 784 F. Supp. 1223, 1228 (D. Va. 1991) ("Review of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate. A magistrate's decision should not be disturbed on the basis of arguments not presented to him. This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below.") (citations omitted); *see also Federal Home Loan Mortg. Corp. v. Cohen, Foster & Dirienzo Assocs.*, 1994 U.S. Dist. LEXIS 21053 (D. Conn. October 6, 1994).